MALEK MOSS PLLC
Kevin N. Malek (*pro hac vice*)
340 Madison Avenue, FL 19
New York, New York 10173
(212) 812-1491
kevin.malek@malekmoss.com

ALVERSON, TAYLOR,
MORTENSEN & SANDERS
Kurt R. Bonds
Nevada Bar No. 6228
Adam R. Knecht
Nevada Bar No. 13166
7401 W. Charleston Boulevard
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com

CARLSON & MESSER LLP
David Kaminski
  kaminskid@cmtlaw.com
J. Grace Felipe
  felipeg@cmtlaw.com
5901 W. Century Boulevard
Suite 1200
Los Angeles, California 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., | Case No. 5:18-cv-06216 - LHK |
| Plaintiff, | **VOIP-PAL'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE VOIP-PAL'S FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| APPLE, INC., | |
| Defendant. | Date: May 16, 2019<br>Time: 1:30pm<br>Place: Courtroom 8 – 4th Floor<br>Judge: Hon. Lucy H. Koh |

1
2  VOIP-PAL.COM, INC.,                        Case No. 5:18-cv-07020 - LHK
3           Plaintiff,
4        v.
5  AMAZON.COM, INC., et al.,
6           Defendants.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………………………..1

II. FACTUAL BACKGROUND……………………………………………………………2

    A. Procedural Background……………………………………………………………..2

    B. The First Amended Complaint Would Serve to Better Address Resolution
       of the Issues in this Case…...……..………………………………………………3

III. LEGAL STANDARD……………………………………………………………………3

IV. ARGUMENT…………………………………………………………………………..4

V. CONCLUSION………………………………………………………………………...7

# TABLE OF AUTHORITIES

**CASES**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) .................. 5

*Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ........................................................................ 5

*Boorman v. Nevada Memorial Cremation Society, Inc.* 772 F. Supp. 2d 1309, 1317 (D. Nev. 2011) ............................................................................................................................................ 4

*Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) ............................... 5

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) .............................. 3

*Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir.1990) .................................................. 5

*United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) ............................. 4

*United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ................................. 3, 4

**STATUTES**

35 U.S.C. § 101 ................................................................................................................................ 5

Fed. R. Civ. P. 12(b)(6) .................................................................................................................... 4

Fed. R. Civ. P. 15 ............................................................................................................................. 7

Fed. R. Civ. P. 15(a)(1)(B) .............................................................................................................. 6

Fed. R. Civ. P. 26(a) ........................................................................................................................ 4

Fed. R. Civ. P. 15(a)(2) .................................................................................................................... 4

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 16, 2019 at 1:30pm, before the Honorable Lucy H. Koh, at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, in Courtroom 8, 4th Floor, Plaintiff VoIP-Pal.com, Inc. will and do hereby move under Federal Rule of Civil Procedure 15(a)(2) for leave to file its First Amended Complaints against Defendants Apple Inc. ("Apple"); Amazon.com, Inc. and Amazon Technologies, Inc. (collectively "Amazon" and together with Apple, the "Defendants").

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings, papers, and entire record herein, oral argument in this matter, and upon such other matters as may be presented to the Court at or before the hearing on this Motion.

## I.    INTRODUCTION

Plaintiff VoIP-Pal.com, Inc. ("VoIP-Pal") respectfully moves this Court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to file its First Amended Complaint in Case No. 5:18-cv-06216-LHK (the "Apple Case") and Case No. 5:18-cv-07020-LHK (the "Amazon Case"), copies of which is attached as Exhibits A (Proposed First Amended Complaint for Apple Case) and B (Proposed Amended Complaint for Amazon Case). VoIP-Pal's First Amended Complaint(s) includes additional facts related to VoIP-Pal's claims of patent infringement against both Defendants and should be permitted at this early stage of the litigations, especially given that Defendants have not filed their answers to the Complaints.

The filing of the First Amended Complaints will not prejudice either Defendant, neither of which has answered the Complaint(s) nor taken discovery on VoIP-Pal. The standard for amendment of pleadings under circumstances such as this are extremely liberal. Indeed, the Federal Circuit, in the decision of *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018) has recently reversed a district court's denial of a motion for leave to amend as an abuse of discretion under nearly identical circumstances. For the following reasons, VoIP-Pal respectfully requests that the Court grant VoIP-Pal leave for file the attached First Amended Complaints.

Separately, VoIP-Pal asserts that the First Amended Complaints will be probative and informative in assessment of Defendants' Motion to Dismiss, which is *sub judice* (ECF No. 57 (Apple Case) and ECF No. 42 (Amazon Case)). Accordingly, VoIP-Pal respectfully requests that the Court consider and grant this Motion for Leave to Amend in advance of consideration of the Defendants' Motion to Dismiss and in accordance with the Federal Circuit's decision in *Aatrix Software*, discussed herein.

## II.  FACTUAL BACKGROUND

### A. Procedural Background

On May 24, 2018 and June 15, 2018 respectively, VoIP-Pal filed this action against Apple. Inc. and Amazon.com Inc. and Amazon Technologies, alleging infringement of U.S. Patent Nos. 9,537,762 (the "'762 Patent"), 9,813,330 (the "'330 Patent"), 9,948,549 (the "'002 Patent") and 9,826,002 (the "'002 Patent" and together with the '762 Patent, the '330 Patent and the '002 Patent, the "Patents-in-Suit"). On February 15, 2019, Defendants, in lieu of answering VoIP-Pal's Complaint, filed a Consolidated Motion to Dismiss VoIP-Pal's Second Amended Complaint. (ECF No. 57 (Apple Case) and ECF No. 42 (Amazon Case)).

### B. The First Amended Complaints Would Serve to Better Address Resolution of the Issues in this Case.

Defendants' Motion to Dismiss makes reference to particularly complex technology embodied by the Patents-in-Suit that requires significant explanation in order to better explain the technological issues for the Court. VoIP-Pal's proposed First Amended Company would illustrate how the recited invention provides specific technological improvements to routing systems and controllers; provide explanation and evidence concerning the various factual disputes (referenced hereinabove) arising from Defendants' Motion to Dismiss; establish how the Patents-in-Suit differ from what was "well-known, routine and conventional" in the art; and show that VoIP-Pal's communication system and routing controllers are inherently computer based and, indeed, are required to be in order to address problems rooted in computer network technology.

These facts bear on the validity of the Patents-in-Suit at issue in this litigation and Defendants' Motion to Dismiss. Accordingly, VoIP-Pal proposes the First Amended Complaints in order to assist in responding to Defendants' Motions.

### III. LEGAL STANDARD

VoIP-Pal moves for leave to file its proposed First Amended Complaint(s) in the Apple Case and the Amazon Case. A motion to the Court for leave to amend the pleadings at this stage in the case is evaluated under Federal Rule of Civil Procedure 15(a)(2), which provides that the court "shall freely give leave when justice so requires." Requests for leave under Rule 15(a)(2) should be granted with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotations omitted). When assessing a motion for leave to amend, courts should consider whether there is evidence of "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (reversing district court's denial of leave to amend plaintiff's complaint); *see also Boorman v. Nevada Memorial Cremation*

*Society, Inc.* 772 F. Supp. 2d 1309, 1317 (D. Nev. 2011) (granting plaintiffs leave to amend their pleadings).

**IV.     ARGUMENT**

VoIP-Pal's proposed First Amended Complaints (attached hereto as Exhibits A (Apple Case) and B (Amazon Case)) easily meet the requirements of Rule 15(a)(2). This motion comes less than four weeks after Apple and the Amazon defendants served their Motion to Dismiss. Moreover, Defendants have not answered the existing complaints filed in these actions but have instead filed a Consolidated Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

The First Amended Complaint(s) continue VoIP-Pal's complaint for patent infringement of the Patents-in-Suit and serve to better explain and refute Defendants' mischaracterizations regarding the inventions claimed in the Patents-in-Suit. As such, there is no prejudice to Defendants that would result from VoIP-Pal's amendment especially at such an early stage in the case.

Separately, in light of Defendants' Motion to Dismiss and the fact that the amendments in the proposed First Amended Complaints would most certainly assist the Court in framing the issues raised in Defendants' Motion to Dismiss, the amendments would not be futile. Indeed, when a plaintiff is faced with a motion to dismiss, amendment of the complaint should be allowed when such amendment would assist the plaintiff in overcoming the motion. *See, e.g., United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011). As the Ninth Circuit explained in *Corinthian Colleges*:

> The standard for granting leave to amend is generous. The court considers five factors in assessing the propriety of leave to amend — bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. Under the futility analysis, dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.

*Id.* at 995 (reversing district court's denial of leave to amend). "Leave to amend is warranted if

the deficiencies can be cured with additional allegations that are "consistent with the challenged pleading" and that do not contradict the allegations in the original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir.1990); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (reversing district court's denial of leave to amend). Further, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice." *See*, *e.g.*, *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

Significantly, the Federal Circuit has recently reversed a district court decision granting a motion to dismiss on 35 U.S.C. § 101 grounds (the same basis as Defendant's Motion to Dismiss here) because the district court denied plaintiff's motion to amend the complaint. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018). In *Aatrix*, the defendant and alleged infringer of two U.S. Patents moved to dismiss the plaintiff patentee's complaint for patent infringement under § 101. *Id.* The district court granted the motion to dismiss. Subsequent to the district court's grant of the motion to dismiss, the plaintiff patentee sought reconsideration and leave to amend the complaint in order to cure factual deficiencies. *Id.* at 1124. The district court denied reconsideration and denied leave to amend the complaint. The Federal Circuit reversed the district court's denial of leave to amend and reversed the district court's judgment of patent ineligibility, finding that the district court abused its discretion in not allowing the plaintiff to amend the complaint. *Id.* at 1128. The Federal Circuit also found that the proposed amended complaint overcame the defendant's motion to dismiss. *Id.* at 1129. VoIP-Pal is in an even better position than the plaintiff in *Aatrix*. In *Aatrix*, the plaintiff filed its motion for leave to amend its complaint ***after*** the district court had already decided the defendant's motion to dismiss on § 101 grounds. *Id.* at 1124. Yet, the Federal Circuit held that denial of leave to amend in that context was an abuse of discretion. Here, the Court has not yet decided Defendants'

Motion to Dismiss, which is not even fully briefed. Accordingly, VoIP-Pal respectfully asserts that leave to file its First Amended Complaints would be just and proper.

Grant of this Motion is also supported in view of the Federal Rules of Civil Procedure. Indeed, under Fed. R. Civ. P. 15(a)(1)(B), a party may amend its pleading as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." On March 8, 2019 – 21 days after service of Defendants Rule 12(b)(6) Motion to Dismiss – VoIP-Pal sought to amend its Complaint. (*See* ECF No. 65 (Case No. 18-cv-06216-LHK) and ECF No. 45 (Case No. 18-cv-07020-LHK)). The Court struck the amended pleadings on the grounds that "the last day to amend the pleadings or add parties was February 13, 2019" which predated Defendants' Motion to Dismiss that was filed on February 15, 2019. VoIP-Pal also notes that pursuant to the Case Management Statement submitted by the parties on January 9, 2019 (ECF No. 38 in the Amazon Case), both Defendants agreed that VoIP-Pal would have the right to amend its Complaint within the time frame set forth in Fed. R. Civ. P. 15(a)(1)(B) – on or before March 8, 2019. That is further evidence that Defendants cannot be prejudiced by the filing of the First Amended Complaints.

The filing of the First Amended Complaints would also serve to further the intent and spirit of the Rule 15. According to the Federal Rules Committee notes, the purpose served by Fed. R. Civ. P. 15(a)(1)(B) – allowing a party to amend as a matter of course in response to a Rule 12(b)(6) Motion – is to accomplish the very purpose for which VoIP-Pal seeks to amend its Complaint. Indeed, the Committee Notes on Fed R. Civ. P. 15 explain that:

> the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The ***responsive pleading may point out issues*** that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit as

> the right to amend in response to a motion.
>
> \* \* \*
>
> A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim.

*See* Fed. R. Civ. P. 15, Committee Notes on Rules – 2009 Amendment (emphasis added). That is exactly the purpose of VoIP-Pal's proposed First Amended Complaints. Accordingly, an amendment of the Complaints at this stage would be consistent with the rules promulgated by the Supreme Court of the United States, as adopted by the Congress of the United States, consistent with recent rulings of the U.S. Court of Appeals for the Federal Circuit would not be futile and would not cause prejudice to Defendants.

**V.     CONCLUSION**

For the foregoing reasons, VoIP-Pal respectfully requests that VoIP-Pal be granted leave to file its First Amended Complaint(s) in the Apple Case and the Amazon Case, in the forms attached hereto as Exhibit A (Apple Case) and Exhibit B (Amazon Case) respectively.

New York, New York  
March 15, 2019

Respectfully submitted,

/s/ Kevin N. Malek  
MALEK MOSS PLLC  
Kevin N. Malek (*pro hac vice*)  
340 Madison Avenue, FL 19  
New York, New York 10173  
(212) 812-1491  
kevin.malek@malekmoss.com

ALVERSON, TAYLOR,  
MORTENSEN & SANDERS  
Kurt R. Bonds  
Nevada Bar No. 6228  
Adam R. Knecht  
Nevada Bar No. 13166  
7401 W. Charleston Boulevard  
Las Vegas, NV 89117

(702) 384-7000
efile@alversontaylor.com

CARLSON & MESSER LLP
David Kaminski
 kaminskid@cmtlaw.com
J. Grace Felipe
 felipeg@cmtlaw.com
5901 W. Century Boulevard
Suite 1200
Los Angeles, California 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing VOIP-PAL'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT has been served on March 15, 2019, to all counsel for all Defendants by electronic mail through the Court's CM/ECF system.

/s/ Kevin N. Malek