1

**MALEK MOSS PLLC**

2

Kevin N. Malek (*pro hac vice*)
340 Madison Avenue, FL 19

3

New York, New York 10173
(212) 812-1491

4

kevin.malek@malekmoss.com

5

**CARLSON & MESSER LLP**

6

David Kaminski
  kaminskid@cmtlaw.com

7

J. Grace Felipe
  felipeg@cmtlaw.com

8

5901 W. Century Boulevard
Suite 1200

9

Los Angeles, California 90045
Tel: (310) 242-2200

10

Fax: (310) 242-2222

11

*Attorneys for Plaintiff*

12

**UNITED STATES DISTRICT COURT**

13

**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN JOSE DIVISION)**

14

15

16

VOIP-PAL.COM, INC.,

17

            *Plaintiff,*

18

        v.

19

APPLE, INC.,

20

            *Defendant.*

21

22

VOIP-PAL.COM, INC.,

23

            *Plaintiff,*

24

        v.

25

AMAZON.COM, INC. and AMAZON

26

TECHNOLOGIES, INC.,

27

            *Defendant.*

28

Case No. 5:18-cv-06216-LHK

**CIVIL L.R. 7-11 ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF VOIP-PAL'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Date: N/A
Time: N/A
Judge: Hon. Lucy Koh

Case No. 5:18-cv-07020-LHK

- 1 -

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE[1] THAT, on a date and time as designated by the Court and the Local Rules, before the Honorable Lucy H. Koh, at the San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, Courtroom 8, 4th Floor, Plaintiff VoIP-Pal.com, Inc. will and does hereby move under Local Civil Rules 7-11(a) and 7-3(d) for leave to file a supplemental brief in response to Defendants' Consolidated Motion to Dismiss Plaintiff's Complaints.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil L.R. 7-11, VoIP-Pal.com, Inc. ("VoIP-Pal") moves for leave to file a supplemental brief (the "Supplemental Brief" attached hereto as Exhibit A) in further support of VoIP-Pal's Opposition to Defendants' Motion to Dismiss (the "Opposition Brief") (ECF No. 91 (Case No. 5:18-cv-06216) and ECF No. 69 (Case No. 5:18-cv-07020). Good cause exists for granting this motion because VoIP-Pal has discovered information material to the resolution of Defendants Motions to Dismiss (the "Motion(s) to Dismiss") (ECF No. 89 (Case No. 5:18-cv-06216) and ECF No. 67 (Case No. 5:18-cv-07020).

In its Opposition Brief, VoIP-Pal argued that Defendants' Motion to Dismiss must be denied for at least the following reasons: (1) the asserted claims are directed to an inventive concept that renders the claims patent eligible and separately that (2) the Motion to Dismiss is premature at the Rule 12(b)(6) stage because decision on the Motion requires resolution of disputed issues of fact and resolution of a claim construction dispute.

As is more fully detailed in its Supplemental Brief, Voip-Pal has discovered evidence relevant to the resolution of the Motion to Dismiss. On May 13, 2019, Defendant Apple filed four petitions for *Inter Partes Review* in the United States Patent and Trademark Office (the "IPR

---

[1] Local Rule 7-11(c) determines the hearing date and time for this Motion. The undersigned contacted Court personnel in order to procure a hearing date and time. Court personnel indicated that the setting of a hearing date for this motion is unnecessary.

Petitions" attached to Declaration of Kevin N. Malek in Further Support of VoIP-Pal's Opposition to Defendants' Motion to Dismiss ("Malek Decl.) at Exhibits 1, 2, 3 and 4), challenging the validity of the Patents-in-Suit.[2] On June 5, 2019, Defendants subsequently filed their Motion to Dismiss and filed their Reply in Support of the Motion to Dismiss on June 26, 2019 (the "Reply" at ECF No. 92 (Case No. 5:18-cv-06216) and ECF No. 70 (Case No. 5:18-cv-07020)). In preparing its responses to Defendant Apple's IPR Petitions, which responses were due and filed one business day ago on August 23, 2019, VoIP-Pal discovered that Defendant Apple took positions and made arguments therein with respect to its IPR Petitions that are inconsistent and contradictory to what Apple has argued to this Court in its Motion to Dismiss in this case as well as the Related Cases[3]. *See* Malek Decl. at Exhibits 5, 6, 7 and 8 (attaching Patent Owner's Preliminary Responses to Defendant Apple's *IPR* Petitions). Even more significant is the fact that these contradictions are material to the Court's resolution of Defendants' Motion to Dismiss in that they identify issues of fact that are the subject of a genuine dispute and support VoIP-Pal's arguments that the asserted claims are directed to a patent eligible inventive concept. The inconsistent positioning taken by Defendant Apple in front of this Court versus the arguments Apple made in its *IPR* Petitions is so glaring that is can only be characterized as deliberately misleading. Apple's contradictory positions undermine the credibility of its arguments.

        In summary, Defendant Apple argued throughout its Reply Brief, and in more limited form on its Motion to Dismiss, that VoIP-Pal's arguments regarding the "user-specific" features and benefits of the asserted claims do not save the claims from ineligibility because, according to Amazon and Apple, the claims do not expressly specify or require such "user-specific" features and benefits. Even more significant is that this Court relied on those arguments in dismissing the Related

---

[2] The four new IPR Petitions are: IPR Petition Nos. IPR2019-01003, IPR2019-01006, IPR2019-01008 and IPR2019-01009, filed against U.S. Patent Nos. 9,537,762 ("the '762 IPR"), 9,813,330 ("the '330 IPR"), 9,826,002 ("the '002 IPR") and 9,948,549 ("the '549 IPR"), respectively.

[3] The "Related Cases" are *VoIP-Pal.com, Inc. v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 5:18-cv-06054-LHK (ECF No. 129), *VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case No. 5:18-cv-04523- LHK, *VoIP-Pal.com, Inc. v. AT&T Corp.*, Case No. 5:18-cv-06177-LHK, and *VoIP-Pal.com, Inc. v. Apple, Inc.*, Case No. 5:18-cv-06217-LHK.

Cases under 35 U.S.C. § 101, a fact that Defendants highlight in urging dismissal of this action. Yet, in its *IPR* Petitions, Apple spun a completely different narrative—one that stands in stark contrast to the arguments that it continues to espouse before this Court. In its *IPR* Petitions, Apple cited prior art references and argued, cavalierly, that those references invalidate the asserted claims because they teach "user-specific" features and benefits. The arguments that Apple made in its IPR Petitions are a complete about-face from the arguments that Apple succeeded on in the Related Case and that Apple repeats in this case. In other words, in this case, Defendants argue that the asserted claims cannot be to an inventive concept because they do not include "user-specific" benefits within their scope; but in its *IPR* Petitions, Apple argues that prior art invalidates the same claims because that prior art teaches "user-specific" benefits.

Apple's contradictions highlight at least two critical issues to be resolved by this Court: (a) whether the asserted claims cover "user-specific" benefits that render the claims eligible under the *Alice* Step 2 "inventive concept" framework, and (b) whether genuine issues of fact underlying VoIP-Pal's and Defendants' §101 respective arguments preclude dismissal at the Rule 12(b)(6) stage. The significance of Apple's divergence from its previous position is highlighted by the recent decision in *MyMail, Ltd. v. ooVoo, LLC*, No. 18-1758, 2019 WL 3850614 (Fed. Cir. Aug. 16, 2019), in which the CAFC ruled that "if the parties raise a claim construction dispute at the Rule 12(c) [or Rule 12(b)(6)] stage, the district court must either adopt the non-moving party's constructions or resolve the dispute to whatever extent is needed to conduct the §101 analysis". *See id.* at 11.

These arguments are directly relevant to this Court's resolution of the Motion(s) to Dismiss. In short, Apple flip-flopped on a significant issue. The Court should be apprised of Apple's arguments to the Patent Trial and Appeal Bard before it determines whether to dismiss these actions.

As identified in the Declaration on the last page on this Motion, on August 23, 2019, the undersigned hosted a meeting and conference with counsel for Defendants, regarding the relief requested herein. The undersigned presented specific references to Defendant Apple, citing its briefing to this Court and in the IPR proceeding to support the contentions herein. Counsel for

- 4 -

Defendants indicated that they do not agree to the filing of a Supplemental Brief because (a) Defendant Apple's *IPR* Petitions were filed before Apple filed its Motion to Dismiss and before VoIP-Pal file its Opposition Brief and separately because (b) Defendants assert that no inconsistencies have been made, although Defendants failed to indicate the basis for that assertion. VoIP-Pal explained the reason for the timing of this request as due to the fact that VoIP-Pal did not learn of the issues until preparation of its responses to Apple's *IPR* Petitions, which responses are more than sixty (60) pages each, required significant analysis and review, and did not commence until after the filing of its Opposition Brief. Separately, as is made clear in the proposed Supplemental Brief filed herewith, the bulk of Defendant Apple's inconsistent statements appear in Apple's Reply. Therefore, it was not until very recently that VoIP-Pal was able to properly analyze the issues that are raised by this Motion and by the Supplemental Brief.

## **CONCLUSION**

Accordingly, VoIP-Pal respectfully requests that it be allowed to file the Supplemental Brief attached hereto as Exhibit A.

Dated:  August 26, 2019

MALEK MOSS PLLC

/s/ Kevin N. Malek

_____
Kevin N. Malek (*pro hac vice*)
340 Madison Avenue, FL 19
New York, New York 10173
(212) 812-1491
kevin.malek@malekmoss.com

CARLSON & MESSER LLP
David Kaminski
  kaminskid@cmtlaw.com
J. Grace Felipe
  felipeg@cmtlaw.com
5901 W. Century Boulevard
Suite 1200
Los Angeles, California 90045
Tel: (310) 242-2200
Fax: (310) 242-2222

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing **CIVIL L.R. 7-11 ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF VOIP-PAL'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** has been served on August 26, 2019, to all counsel for Defendant through the Court's CM/ECF system.

_____/s/ Kevin N. Malek_

- 6 -

## DECLARATION PURSUANT TO CIV. L.R. 7-11(a)

I, Kevin N. Malek, hereby attest, under penalty of perjury, and in accordance with Civil Local Rule 7-11(a), that I and counsel for Defendants held a telephonic meet-and-confer concerning the relief requested in this Motion on August 23, 2019. I presented specific references to Defendant Apple's counsel citing briefing to this Court and in the *IPR* proceeding to support the contentions herein. Counsel for Defendants indicated that they do not agree to the filing of a Supplemental Brief because (a) Defendant Apple's *IPR* Petitions were filed before Apple filed its Motion to Dismiss and before VoIP-Pal file its Opposition Brief and separately because (b) Defendants assert that no inconsistencies have been made, although Defendants failed to indicate the basis for that assertion. The reason the timing of this request is due to the fact that VoIP-Pal did not learn of the issues addressed herein until preparation of its responses to Apple's *IPR* Petitions, which responses are more than sixty (60) pages each, required significant analysis and review, and did not commence until after the filing of its Opposition Brief. Therefore, it was not until very recently that VoIP-Pal was able to properly analyze the issues that are raised by this Motion and by the Supplemental Brief.

Dated:  August 26, 2019                              ____/s/ Kevin N. Malek

- 7 -